UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MEELOD SHATERIAN,

                        Plaintiff,

        v.

COMMERCE WEST INSURANCE
COMPANY,

                        Defendant.

CASE NO. 2:24-cv-01509-TL

ORDER ON MOTION FOR
RECONSIDERATION

This matter is before the Court on Defendant's motion for reconsideration (Dkt. No. 56) of the Court's December 22, 2025, order (Dkt. No. 54) that granted Plaintiff's motion for sanctions (Dkt. No. 42). Having reviewed Defendant's motion and Plaintiff's response (Dkt. No. 63), the Court DENIES Defendant's motion.

## I.    BACKGROUND

The Court assumes familiarity with the claims, factual history, and procedural history of this case. Relevant here, on December 22, 2025, the Court granted Plaintiff's motion for discovery sanctions. Dkt. No. 54 at 6. The Court found that "Defendant [had] both failed to

ORDER ON MOTION FOR RECONSIDERATION – 1

provide and/or supplement information and identify a witness as required by [Federal Rule of Civil Procedure] 26(a) and (e)." *Id.* at 5. The Court found further "that the failure was neither substantially justified nor harmless." *Id.* Accordingly, under Rule 37, sanctions were warranted. *See id.*

The Court described the specifics of Defendant's sanctionable conduct in its prior order. *See id.* at 4–5. To summarize, when Defendant made its initial Rule 26 disclosures to Plaintiff on November 8, 2024, it neglected to disclose John Toste as a witness. *See id.* at 4. On June 12, 2025, after the Court had ordered Defendant to provide Plaintiff with a supplemental privilege log, Defendant identified Toste on the privilege log as "someone who had made a 'Post Litigation Claim note.'" *Id.* (quoting Dkt. No. 47-1 (supplemental privilege log) at 5). A "Post Litigation Claim note" would be protected under the attorney work-product doctrine. *See id.* But then, on October 7, 2025, Defendant submitted its pretrial statement, indicating that it planned to call Toste as a witness to "testify regarding his estimate for Plaintiff's vehicle and the damage sustained to Plaintiff's vehicle." Dkt. No. 47-1 (pretrial statement) at 12.

The Court found that Defendant's slipperiness regarding Toste and his testimony was improper:

> Defendant shielded from earlier probing both Mr. Toste's identity as a witness, as well as what work he might have done, by choosing to describe Mr. Toste's estimate as a "Post Litigation Claim note." A "Post Litigation Claim note" would fall within the protection of the work product doctrine; it is a far cry from a "vehicle estimate"—which is how Defendant now characterizes the document in its pretrial statement and would thus indicate a document that contains facts to which a Plaintiff could seek access and an author about whom Plaintiff might want to make further inquiry.

Dkt. No. 54 at 5. Accordingly, the Court sanctioned Defendant. In relevant part, the Court: (1) precluded Toste from testifying at trial; and (2) ordered that Toste's "appraisal be admitted

into evidence with an instruction to the jury that the document was improperly withheld in discovery by Defendant, in violation of the Court's Order." *Id.* at 6.

On January 5, 2026, Defendant moved for reconsideration of the sanctions. Dkt. No. 56. On January 12, 2026, the Court ordered Plaintiff to respond to Defendant's motion (Dkt. No. 61), and on January 16, 2026, Plaintiff submitted his response (Dkt. No. 63).

## II.    LEGAL STANDARD

"Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions are ordinarily denied absent "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." *Id.* Absent such a showing, motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Inventist, Inc. v. Ninebot Inc.*, 664 F. Supp. 3d 1211, 1215 (W.D. Wash. 2023) (noting that reconsideration is an "extraordinary remedy" and that the moving party bears a "heavy burden" (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000))). "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals*, 571 F.3d at 880 (quoting *Kona Enters.*, 229 F.3d at 890). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).

//

//

//

ORDER ON MOTION FOR RECONSIDERATION – 3

## III.     DISCUSSION

In moving for reconsideration, Defendant does not assert that the Court erred in granting Plaintiff's motion for sanctions. *See* Dkt. No. 56 at 1–2. Rather, Defendant argues that the sanction is too harsh: The Court's "specific sanction requiring a jury instruction that the Toste appraisal was improperly withheld in violation of the Court's order is improper and unduly prejudicial to the Defendant . . . ." *Id.* at 2. Plaintiff counters that Defendant "has not met its burden pursuant to LCR 7(h)(2) for the Court to grant reconsideration"; and that Defendant "is continuing its evasive discovery conduct that warranted sanctions." Dkt. No. 63 at 1.[1]

The Court cited two primary authorities in its order: Federal Rule of Civil Procedure 37 and *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001). Rule 37 authorizes a court to sanction a party that "fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . ." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1)(B) specifically allows the Court to "inform the jury of the party's failure." In *Yeti by Molly*, the Ninth Circuit explained that district courts are "give[n] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." 259 F.3d at 1106.

Defendant concedes that, in granting Plaintiff's motion, the Court did not exceed its authority under either Rule 37 or *Yeti by Molly*. *See* Dkt. No. 56 at 3. Instead, Defendant cites *Yeti by Molly* as a case comparable to this one that, under similar factual circumstances, yielded a different outcome. Defendant argues that even though "[t]he actions of the parties in *Yeti* closely mirror the finding of this [C]ourt," the district court in *Yeti by Molly* did not impose a sanction of an adverse jury instruction. *Id.* For his part, Plaintiff argues that the actions of the parties in *Yeti*

---

[1] It is not necessary for the Court to address Plaintiff's allegations about further "evasive discovery conduct" to adjudicate the instant motion.

*by Molly* were dissimilar to Defendant's actions here, and that the softer sanction issued in that case is therefore irrelevant. *See* Dkt. No. 63 at 2.

Defendant's concession is fatal to its motion for reconsideration. If, as Defendant notes, the Court correctly applied both Rule 37 and *Yeti by Molly* (albeit more harshly than Defendant would have preferred), it is impossible to conclude that the Court strayed beyond its "particularly wide latitude" to issue discovery sanctions.

Moreover, "the standard on a motion for reconsideration is not whether the Court simply 'got it wrong,' as it were, but whether the movant can show 'manifest error' in the Court's decision." *Travelers Cas. & Sur. Co. of Am. v. Decker*, No. C24-253, 2025 WL 71880, at *3 (W.D. Wash. Jan. 10, 2025) (quoting *Taber v. Cascade Designs, Inc.*, No. C20-1633, 2024 WL 230252, at *1 (W.D. Wash. Jan. 22, 2024)). "Manifest error is, effectively, clear error." *Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 231 (D. Ariz. 2012). "For a decision to be considered clearly erroneous, it must be more than just maybe or probably wrong; it must be dead wrong." *McCarthy v. Amazon.com, Inc.*, No. C23-263, 2023 WL 5509258, at *4 (W.D. Wash. Aug. 25, 2023) (internal quotation marks and citations omitted).

Here, Defendant has not demonstrated manifest error. The Court did not cite *Yeti by Molly* because that case presented a similar fact pattern to the instant case, and there is no indication in the Court's prior Order that the Court considered *Yeti by Molly* to be a factual analogue to the matter at hand. Rather, *Yeti by Molly* stands for the proposition that the Court has "particularly wide latitude" to issue Rule 37 sanctions. *See* Dkt. No. 54 at 6 (citing *Yeti by Molly*, 259 F.3d at 1106). In its order, the Court found that "Defendant's characterization of Mr. Toste's work in the supplemental privilege log [was] blatantly misleading." *Id.* at 5. Nothing in *Yeti by Molly* suggests conduct so egregious and, in fact, the Ninth Circuit specifically noted an

ORDER ON MOTION FOR RECONSIDERATION – 5

"absen[ce] [of] a showing in the record of bad faith or willfulness" in that case. *Yeti by Molly*, 259 F.3d at 1106. Given the disparity between *Yeti by Molly* and the instant case, the Court finds it unpersuasive for Defendant to locate an error in this Court's imposition of a harsher sanction than that imposed by the court in *Yeti by Molly*.

## IV.   CONCLUSION

Therefore, Defendant's motion for reconsideration (Dkt. No. 56) is DENIED.

Dated this 20th day of January 2026.

Tana Lin
United States District Judge

ORDER ON MOTION FOR RECONSIDERATION – 6